UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM E. POWELL,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
TREASURY OFFICE OF FOREIGN
ASSETS CONTROL, *et al.*,

    Defendants.

Civil Action No. 17-2435 (JEB)

## MEMORANDUM OPINION

In the latest of a multitude of Freedom of Information Act suits, *pro se* Plaintiff William E. Powell seeks records from Defendants Department of Treasury and Department of Justice. In now moving for summary judgment, Defendants contend that, although they came up empty, they have conducted an adequate search for the material Powell seeks. The Court agrees.

**I.**    **Background**

Powell's First Amended Complaint here, filed on February 23, 2018, requests documents from the Office of Foreign Assets Control (OFAC), which is housed within Treasury. See ECF No. 11 at 1. Specifically, he requested the following:

> All Applications and License provided by the Office of Foreign Assets Commission [*sic*] (OFAC) for the Powell Printing Inc, Powell Printing Co, William A. Powell aka William Andrew Powell, Andrew Powell[,] Seco Tools Inc, Sandvik Cormorant/Sandvik Group and Amelia L. Powell aka Amelia Louise Powell, Amelia Louise Zeigler aka Amelia L. Zeigler and William E. Powell to include family travel and business for years January 1, 1987 through December 11, 2017.

Letter of Dec. 28, 2017, attached to FAC.

1

It is unclear why Powell believes that OFAC, which "is principally responsible for administering U.S. economic sanctions programs . . . primarily directed against foreign states and foreign nationals," would have records on these people and entities. See ECF No. 14-1 (Declaration of Marshall H. Fields, Jr.), ¶ 6. Nor is there any basis here to have named DOJ. In any event, "the OFAC FOIA Office tasked the Licensing Division to search for responsive records [since] . . . if OFAC had any responsive records . . . , they would be located within the Licensing Division." Id., ¶ 14. As Powell had previously submitted the same request to OFAC with a shorter list of names, this time its FOIA Office only searched for records with names not already used. Id., ¶¶ 12, 15. Specifically, this time around, it plugged in "Seco Tools," "Sandvik," "Cormorant," "Amelia Powell," and "Amelia Zeigler." Id., ¶¶ 13, 15 (inadvertently saying new search terms in ¶ 12, when actually in ¶ 13). The new search yielded no responsive records. Id., ¶ 16. Defendant, consequently, now moves for summary judgment, asserting its search was sufficient.

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact is one that would change the outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). In the event of conflicting evidence on a material issue, the Court is to construe the conflicting evidence in the light most favorable to the non-moving party. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Defenders of Wildlife v. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. U.S. Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In FOIA cases, the agency bears the ultimate burden of proof to show that it conducted an adequate search. See Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). "At all times courts must bear in mind that FOIA mandates a 'strong presumption in favor of disclosure' . . . ." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 32 (D.C. Cir. 2002) (quoting Dep't of State v. Ray, 502 U.S. 164, 173 (1991)). The Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

### III. Analysis

In moving for summary judgment, Treasury maintains that it conducted an adequate search. The adequacy of an agency's search for documents under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The issue is, ultimately, whether an agency's search was "reasonably calculated to uncover all relevant documents." Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990) (internal citation and quotation marks omitted). To meet its burden, the agency should submit affidavits or declarations that explain the scope and method of its search "in reasonable detail." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). The "adequacy of a FOIA search is generally determined not by the fruits of the search, but by the

appropriateness of the methods used to carry out the search." Iturralde v. Comptroller of the Currency, 315 F.3d 311, 315 (D.C. Cir. 2003).

The Declaration from Marshall Fields, the Assistant Director of OFAC's Information Disclosure and Records Management Division, shows that Defendant searched for records in the only place they were likely to be housed – *viz.*, the Licensing Division – and also searched using terms that would locate responsive records. See Fields Decl., ¶¶ 12-15, As a result, the Government has apparently satisfied its burden. Powell, however, is not entirely convinced, although he does not put up much of a fight here, see ECF No. 16 (Opp.), particularly compared to his lengthy briefs in his other FOIA cases.

Plaintiff first very broadly rejoins that "Defendant did not illustrate when the search was conducted, what office/files were searched, name of database was searched [*sic*] and who conducted the search and by what means regarding Plaintiff's FOIA Request." Opp. at 3. This is not the case. Fields explained that the search was conducted by Licensing Division personnel of their records on or directly before March 26, 2018, using the search terms previously discussed. See Fields Decl., ¶¶ 15-16.

Powell next complains that Defendant's search for "Sandvik" was inappropriate since his request was for "Sandvik Cormorant/Sandvik Group." Opp. at 3-4. Of course, as Treasury notes in its Reply, shorter search terms would "have captured any records . . . that included the searched words as part of longer strings." Reply at 4.

Plaintiff also points out that his previous requests had a narrower time scope than his last one; as a result, the Government cannot rely on its prior searches of the old terms. See Opp. at 4. This argument is valid inasmuch as the request at issue seeks records from 1987 to 2017. See Dec. 28, 2017, Letter. Powell's earlier missives, conversely, sought documents from 1988-2007

4

(Aug. 1, 2017, email modifying earlier request) and 1988-2017 (Nov. 3, 2017, Request). See Fields Decl., ¶ 12 & exhibits cited therein. In other words, the only year the prior searches did not cover for all terms was 1987. Instead of arguing that this is a trivial matter, Treasury has admirably dotted all of its i's. As Fields explains in a supplemental declaration, the Licensing Division went back and did a search of 1987 records for certain terms, which would have covered all the bases. See ECF No. 20-2 (Supplemental Declaration of Marshall H. Fields, Jr.), ¶¶ 12-13.

In his Surreply, Powell also mentions that there was no search for hard-copy records. See ECF No. 19 at 3. Yet, Fields refutes this point, explaining that, "subsequent to the Plaintiff's Opposition, the Licensing Division also reviewed available hard copy records contained in several notebooks which summarize licenses issued under the Cuba program . . . from January 1, 1987[,] until the end of those hard copy records on March 25, 1999." Fields Supp. Decl., ¶ 14. Powell also argues that OFAC did not search the Federal Records Center for hard copies. See Surreply at 3. Not only is this an argument that exceeds the permitted scope of the Surreply, see Minute Order of June 15, 2018, but Fields has twice averred that all responsible documents would be found in the Licensing Division. The Court has no reason to question that conclusion.

\* \* \*

Although this winds up the current litigation, it is unlikely to dissuade Powell from continuing his course of making FOIA requests and then following up with suits – at least six in front of this Court alone − particularly given that he qualifies for *in forma pauperis* status and thus pays nothing. Perhaps he could articulate at some point to the Government or this Court what he hopes to ultimately accomplish, as there may be a more direct and less exhausting route to relief.

5

**IV.     Conclusion**

In any event, as far as this case is concerned, the Court will issue an Order granting Defendants' Motion for Summary Judgment.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  July 3, 2018